FOWLER v. WASHINGTON LOAN & TRUST CO.

(Court of Appeals of District of Columbia. Submitted April 4, 1923. Decided May 7, 1923.)

No. 3911.

1. Judgment ⬤➡888—Agreement for settlement with one judgment debtor held to satisfy judgment against all.

An agreement between a judgment creditor and one of three judgment debtors, reciting a settlement of all claims between the parties, including the judgment, and containing an agreement by the creditor to have his attorney enter satisfaction, shows the settlement satisfied the judgment as a matter of fact against all three defendants, and not only as against the defendant who was a party to the settlement.

2. Judgment ⬤➡888—Debtor can rely on agreement under seal with another as satisfaction of judgment.

Though one who was not a party to a contract under seal made for his benefit cannot maintain an action on the contract, he can rely on that contract as a satisfaction of the judgment in an action brought against him on the judgment to the same extent as he could rely on a payment in cash of the judgment by another.

Appeal from the Supreme Court of the District of Columbia.

Action by the Washington Loan & Trust Company, executor of the will and estate of Brainard H. Warner, deceased, against Charles D. Fowler and others. Judgment for plaintiff against the named defendant, and that defendant appeals. Reversed and remanded.

John E. Laskey and Richard C. Thompson, both of Washington, D. C., for appellant.

W. C. Sullivan, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The Washington Loan & Trust Company, as executor of the will of Brainard H. Warner, instituted an action of debt against George W. Turnburke, Charles D. Fowler, and Hosea B. Moulton to recover upon a judgment which Warner had obtained

against them. Turnburke was not served, and the action proceeded against Fowler and Moulton. The judgment was established, as was the fact that it remained unsatisfied of record. There was testimony that during Warner's life he entered into the following agreement with Moulton:

"For and in consideration of one dollar, and other valid considerations hereinafter named, witnesseth: That said parties have fully adjusted and settled all matters, debts, and claims between them of every kind and description, including the judgment of Brainard H. Warner against the North Mt. Vernon Land Company and Hosea B. Moulton and others, at Law No. 55604, Supreme Court of the District of Columbia, which said judgment said Warner agrees to have his attorney enter satisfied. Said Hosea B. Moulton, in consideration thereof, hereby cancels all of his claims against said Warner on account of real estate transactions and any and all matters. This agreement is signed and executed as a receipt and settlement in full of all of our claims and demands against each other.

"Witness our hands and seals.                    Brainard H. Warner.   [Seal.]
                                                 "Hosea  B.  Moulton.    [Seal.]"

One witness gave testimony tending to indicate that the agreement was not made. Fowler rested his case on the agreement, contending that it released, not only Moulton, but all of Moulton's codebtors. The court directed a verdict against Fowler on the ground that the agreement showed a settlement between Warner and Moulton alone, and then submitted to the jury the question as to whether or not the agreement was entered into between Warner and Moulton, saying that, if the jury found it was, they should return a verdict in favor of the latter. The jury decided against Fowler, as directed, and in favor of Moulton. From the judgment on the verdict, Fowler appeals.

Two questions are presented: First, does the agreement, if established, show that the judgment was satisfied in fact as to all the defendants or as to Moulton only? And, second, if it does show the judgment was so satisfied, can Fowler avail himself of it?

[1] (1) If the agreement had been fully carried out by Warner, the judgment would have been satisfied of record as to all the defendants therein, because it says, "Said judgment said Warner agrees to have his attorney enter satisfied." The agreement does not say the judgment shall be satisfied of record as to Moulton only, but satisfied without any qualification or limitation. The quoted words interpret the agreement and demonstrate its meaning. Moreover, the agreement recites that the parties thereto "have fully adjusted and satisfied all matters, debts, and claims between them of every kind and description, including the judgment against  *  *  *  Hosea B. Moulton and others." It does not say that it shall be satisfied, but that it has been. It declares the satisfaction to be an accomplished fact. The only thing left to be done was the entry of the satisfaction on the record; but failure to make the entry did not keep the judgment alive. From this it follows, in our opinion, that if Fowler can take advantage of the agreement, he is entitled to the same treatment as that accorded to Moulton by the trial court.

[2] (2) Counsel for the loan and trust company urges with much earnestness that because the agreement is under seal, and because, as he asserts, the benefit flowing from it, if any, to Fowler, is not direct,

but incidental only, he cannot maintain an action upon it, and he cites decisions of the Supreme Court of the United States to sustain him. But the weakness of his position lies in the fact that Fowler is not seeking to maintain an action upon it. Fowler points to the agreement as proving, or tending to prove, that the judgment was in fact satisfied, though not as a matter of record. Suppose Moulton had paid Warner in cash the full amount of the judgment; could not Fowler plead that fact in bar of this action? We think he could, because Warner could not demand that the judgment be satisfied twice. This is elementary. Now, there is no distinction in principle between what we have supposed and what was done. The agreement does not show that money passed, but that is immaterial. What Warner regarded as enough to satisfy the judgment was done, and that is all we are concerned about, always assuming, of course, that the agreement was entered into and became effective, which are facts that must be proved. If the jury should believe that the agreement was made, then there should be a verdict for Fowler.

We therefore reverse the judgment, with costs, and remand the cause for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.